IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTOR B. PERKINS, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 20-1200-RGA |
| | : |
| PROCTER AND GAMBLE | : |
| PHARMACEUTICAL COMPANY, et al., | : |
| | : |
| Defendants. | : |

Victor B. Perkins, Federal Medical Center, Rochester, Minnesota, and Yul Givan, Grand Rapids, Michigan.   Pro Se Plaintiffs.

**MEMORANDUM OPINION**

April 12, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiffs, all of whom appear to proceed *pro se*, filed this wrongful death action pursuant to 18 U.S.C. § 242 and 15 U.S.C. §§ 2051 and 2052 on September 9, 2020. (D.I. 2).   I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). Pending are two motions for summary judgment.   (D.I. 5, 6).

## BACKGROUND

The complaint is signed by Plaintiff Victor B. Perkins, who describes himself as a "jailhouse legal assistant."   (D.I. 2 at 2).   Other named Plaintiffs include Wanda Givan, Mary Givan, Dexter Givan, Clinton Givan, and Yul Givan, none of whom signed the complaint.   (*Id*. at 1).   Yul Givan has appeared and filed a motion to remove Perkins as a plaintiff.   (D.I. 5 at 1).   Neither Perkins nor Givan are attorneys.

Perkins alleges that his stepfather, Wallace Anderson, died from the use of Defendants'[1] Prilosec Proton Pump Inhibitor.   Plaintiff alleges that Anderson suffered kidney failure after using the pump, was placed on dialysis, and died shortly thereafter. Plaintiff alleges that the pump was classified as a harmful and dangerous product, Defendants were advised of the danger, and they neglected to take the product off the market.   (D.I. 2 at 1-2).   Plaintiffs allege due process violations under the Fifth Amendment and violations of 18 U.S.C. § 242 and 15 U.S.C. §§ 2051 and 2052.   They

---

[1] The Complaint does not identify which defendant allegedly manufactured the pump.

seek $25 million in compensatory damages and double that amount in punitive damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may

be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiffs leave to amend their complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d at 114.

Plaintiffs proceeds *pro se* and, therefore, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).  In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  See Johnson v. City of Shelby, 574 U.S. 10 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  See id. at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:  (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.  See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016); Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding

3

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

Plaintiffs raise their claims under 18 U.S.C. § 242 and 18 U.S.C. §§ 2051 and 2052.  They also allege constitutional violations.

Plaintiffs' constitutional claims fail because Defendants are neither state nor federal actors.  To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).  In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.  There are no allegations Defendants are state or federal actors, and the claims will be dismissed as legally frivolous.

The claims under 18 U.S.C. § 242 also fail because § 242 does not give rise to a private right of action.  See *Smalls v. Riviera Towers Corp.*, 782 F. App'x 201, 206 (3d Cir. 2019) (citing *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981)); *see, e.g.*, *United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Jones v. Sussex Correctional Institute*, 725 F. App'x 157 n.3 (3d Cir. 2017).  Because Plaintiffs cannot bring criminal charges against Defendants through a private lawsuit, and § 242 does not give rise to a civil cause of action, the claims raised under § 242 are legally frivolous and will be dismissed.

Plaintiffs also attempt to raise claims under the Consumer Product Safety Act. Its purpose is "to protect the public against unreasonable risks of injury associated with consumer products." 15 U.S.C. § 2051(1).   The CPSA permits a plaintiff to recover damages based on a "knowing violation of a consumer product safety rule."  *Baas v. Hoye*, 766 F.2d 1190, 1194 (8th Cir. 1985).   It "does not allow a private right of action for violations of the statute itself."  *Drake v. Honeywell, Inc.*, 797 F.2d 603, 604 (8th Cir. 1986).   The Complaint does not explain how the CPSA applies to the case.   There are no references to federal regulations, the Complaint does not specifically identify any "consumer product safety rule" as being at issue, and it does not allege Defendants violated a product safety rule.   The claims as stated fail as a matter of law.

Moreover, as non-attorneys, neither Perkins nor Givan may act as an attorney for other individuals and may only represent themselves in this court.   See 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).   Nor may Perkins or Givan, both of whom proceed *pro se*, represent the estate of Wallace Anderson.   *See Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170-71 (3d Cir. 2018); *Manorcare of Easton PA LLC v. Estate of Nagy*, 783 F. App'x 156 (3d Cir. 2019).   Finally, "[if] an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake."  *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 (3d Cir. 2018).   "The interests of other parties, such as beneficiaries, may not be represented by a non-attorney administrator of an estate."  *Id.* (footnote omitted). Because neither Perkins nor Givan assert that either have been appointed the

5

administrator of Anderson's estate and the Complaint does not allege that either of them is the sole beneficiary of Anderson's estate, neither may represent the estate *pro se*.

Accordingly, the Complaint will be dismissed because neither Perkins nor Givan may represent Anderson's estate *pro se* and because the Complaint states claims that are frivolous or that fail to state claims upon which relief may be granted.[2]

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the two pending motions as moot (D.I. 5, 6); and (2) dismiss the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i) & (ii).   The Court finds amendment of the claims in the complaint to be futile.   And, while the likelihood of Plaintiffs being able to successfully assert other viable claims appears to low, the Court cannot say that it is impossible that Plaintiffs could successfully amend to state some other legally cognizable theory.

An appropriate order will be entered.

---

[2] It is far from clear that this is the appropriate venue for the case.   The Complaint does not indicate where Anderson lived or died or where any of the alleged wrongful acts took place.